# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| LINDA BROOKS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CAUSE NO. 1:11-cv-203 |
| | ) |
| VERIZON, | ) |
| | ) |
|     Defendant. | ) |

## **OPINION AND ORDER**

Before the Court is a request filed by *pro se* Plaintiff Linda Brooks in this Title VII racial discrimination case against her former employer, Defendant Verizon, together with a completed Questionnaire for Appointment of Counsel (Docket # 11, 13), asking that this Court recruit an attorney to represent her. Because Brooks's case is not a difficult one, and since she is competent to litigate it, the motion will be DENIED.

## **LEGAL STANDARD**

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Rather, district courts are empowered to appoint an attorney to represent a plaintiff without charge when she is "unable to afford counsel," 28 U.S.C. § 1915(e)(1), or in Title VII cases "in such circumstances as the court may deem just," 42 U.S.C. § 2000e-5(f)(1). The Seventh Circuit Court of Appeals has instructed that several factors should be weighed by the district court when determining whether appointment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from

doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it herself. *Pruitt*, 503 F.3d at 654-58; *Sherrill v. Potter*, 329 Fed. Appx. 672, 675 (7th Cir. 2009) (unpublished) (applying the *Pruitt* factors in a Title VII case); *see also Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 500-501 (7th Cir. 1986) (instructing the court to consider "the merits of the plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's financial ability to retain counsel" when considering a motion to appoint counsel under Title VII).

## ANALYSIS

Applying the foregoing analysis to the instant circumstances, it is difficult at present to assess the merits of Brooks's claims. We do know, however, that at least eleven attorneys (several of which are quite experienced in employment discrimination) have chosen to pass up the opportunity to represent her. (*See* Questionnaire for Appointment of Counsel ¶ 6.) This circumstance speaks rather directly to the merits of her case and raises a fair inference that these attorneys did not view her case as meritorious.

Perhaps equally important is the fact that Brooks seems fully capable of litigating these claims herself. This suit is a relatively straightforward employment discrimination action: Brooks claims that she was subjected to a "discriminatory/racially hostile work environment" while employed by Verizon and was then retaliated against when she complained about it. (Compl. 1-3); *see, e.g.*, *Jagla v. LaSalle Bank*, No. 05 C 6460, 2006 WL 1005728, at *5 (N.D. Ill. Apr. 12, 2006) (denying plaintiff's request for counsel in a straightforward national origin discrimination case, observing that the issue did not involve any "nonintuitive procedural requirements applied in a setting of complex legal doctrine" (quoting *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 429 (7th Cir. 1991))). Brooks has already adequately articulated her claims,

worked with opposing counsel to prepare a report of parties' planning meeting, participated in a preliminary pretrial conference, and prepared motions seeking specific relief. (*See* Docket # 1, 9, 10, 11.) Moreover, it appears that Brooks, at least for part of the time, successfully pursued on her own her charge of discrimination at the Fort Wayne Metropolitan Human Relations Commission. (*See* Docket # 1.) Consequently, it is clear Brooks is literate and has adequate communication skills, at least for purposes of representing herself. Moreover, Brooks has the freedom and ability to perform her own legal research. Finally, to a major degree the facts of the case are within Brooks's personal knowledge, so the task of discovery is apt to be quite limited and certainly not insurmountable.

In short, Brooks appears to be competent and fully capable of representing herself in this suit, and it does not appear that appointing counsel will make a difference in the outcome. *See Zarnes*, 64 F.3d at 299. Consequently, her motion will be DENIED.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion requesting the appointment of counsel (Docket # 11) is DENIED. Plaintiff is, of course, free to attempt to secure counsel on her own.

Enter for this 11th day of October, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge